SUCESIÓN COLLAZO ET AL., DEMANDANTES Y APELANTES, *v.*
BORRÁS ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo
en pleito sobre división de comunidad, liquidación y ren-
dición de cuentas y pago de rentas y productos.

No. 1738.—Resuelto en junio 28, 1918.

ACCIÓN COMMUNI DIVIDUNDO — CIRCUNSTANCIA DETERMINANTE DE LA ACCIÓN. —
Es requisito esencial para el ejercicio de la acción *communi dividundo* que
la cosa cuya división se pretende sea poseída proindiviso y en común por
el actor y demandado, pues esta circunstancia es la que determina la facul-
tad que tiene el copropietario para pedir que la cosa común se divida, y la
posesión sólo puede reputarse en común o de consuno cuando los bienes se
poseen colectivamente en interés y a nombre de todos los copropietarios
o partícipes, y no cuando con título más o menos perfecto como en el pre-
sente caso se tienen o disfrutan individualmente, obrando el poseedor en
nombre propio como único dueño sin intervención de otros.

CONTRA QUIÉNES DEBE DIRIGIRSE LA ACCIÓN—PARTES NECESARIAS EN EL JUI-
CIO.—La acción *communi dividundo* debe dirigirse contra todos los partí-
cipes o comuneros con el fin de que no resulte ineficaz la sentencia que se
dicte para hacer efectiva la división de la cosa común. Y no habiéndose
traído a juicio todas dichas partes, pues faltan algunas según apreciación
de la corte sentenciadora, no puede prosperar la acción ejercitada en la de-
manda.

DESESTIMACIÓN DE APELACIÓN—OBJETO DE LA MOCIÓN.—El resultado de una mo-
ción solicitando la desestimación del recurso de apelación, si se declarara
con lugar, sería el de quedar subsistente la sentencia apelada; y como a
esa conclusión ha llegado la corte mediante el estudio del caso por sus mé-
ritos, carece de finalidad práctica la consideración de tal moción.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Muñoz & Brown.*

Abogados de los apelados: *Sres. Simón Largé, Antonio
Sarmiento* y *M. Rodríguez Serra.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Con fecha 3 de enero de 1916 los demandantes estable-
cieron ante la Corte de Distrito de Arecibo una demanda
contra los demandados sobre división de comunidad, liqui-
dación y rendición de cuentas y pago de rentas y productos,
con súplica de que se dictara sentencia por la que se conde-
nara a todos los demandados a proceder a la división mate-

rial de la finca descrita en la demanda y entregar a los demandantes la parte que de la misma les corresponde; se condenara especialmente a los demandados José Demetrio de Jesús y Borrás y Jesús Enrique de Jesús y Borrás a rendir cuenta y liquidación justificadas de las rentas, frutos y productos obtenidos en la mencionada finca y entregar a los demandantes la parte proporcional que de esos productos les corresponde; y se condenara asimismo a los demandados José Demetrio y Jesús Enrique de Jesús y Borrás y a los demandados que a la demanda se opusieren, a pagar a los demandantes los daños y perjuicios que la corte determinare, con más las costas y honorarios de abogado.

Alegan los demandantes en su demanda que por escritura otorgada en Arecibo en 14 de noviembre de 1866 ante el escribano don Francisco de Torres, Demetrio de Jesús vendió con pacto de retro al causante de los demandantes y a los causantes de los demandados que en dicha escritura se relacionan, una finca rústica denominada hacienda "San Pedro" radicada en el barrio de Hato Viejo de Arecibo, con cabida de 329 cuerdas y 2,181 varas castellanas de terreno de vega y sobrevega, dividida en dos porciones, una de 24 cuerdas y la otra de 305 cuerdas y 2,181 varas castellanas, bajo las colindancias que se expresan, formando además parte de dicha hacienda el terreno alto y montuoso que se halla frente a su llanura con una cabida de 200 cuerdas bajo los límites que se determinan; que la venta se verificó por la cantidad de $158,931.73 que el vendedor Demetrio de Jesús confesó haber recibido en distintas cantidades de los compradores como acreedores suyos, y con pacto de retroventa, en virtud del cual el vendedor se reservó el derecho de devolver a los compradores la cantidad expresada en plazos anuales de $12,000 que empezarían a correr en el año 1870 bajo la condición de que vencido un plazo sin ser satisfecho se estimarían vencidos todos los demás, bien entendido que llegado ese caso no podría el vendedor continuar en la posesión de la finca; que Demetrio de Jesús no pagó a los acreedores compradores el

todo ni parte del precio de la venta ni plazo alguno de los convenidos; que entre los compradores figuran Ceferino Collazo, causante de los demandantes, en una proporción de 2,400 pesos, y, con una participación de $3,200 Celsa Borrás, de la que es heredera única su hija Angela Julia Borrás, habiendo ésta cedido sus derechos y acciones por título de compraventa a los demandados José Demetrio y Jesús Enrique de Jesús y Borrás; que en su carácter de cesionarios de Celsa Borrás los demandados José Demetrio y Jesús Enrique de Jesús Borrás entraron en posesión de la totalidad de la finca San Pedro y con ese título están ocupándola desde el año 1909, cultivándola y explotándola y recibiendo sus rentas y productos sin rendir cuenta de ellos ni entregar la participación correspondiente a los demandantes y demandados condueños; que los demandantes y todos los demandados relacionados en la demanda son los únicos dueños proindiviso de la finca San Pedro y son los que representan la total comunidad del dominio de ella, habiéndose establecido la demanda contra los demandados José Demetrio y Jesús Enrique de Jesús y Borrás porque son los que se encuentran indebidamente en posesión de la totalidad de la finca, e incluídose en la demanda como demandados a todos los demás porque no se ha podido obtener su consentimiento para unirse con los demandantes; que los beneficios percibidos por José Demetrio y Jesús Enrique de Jesús y Borrás en las siembras de cañas y otros cultivos a que han dedicado la finca desde el año 1909 ascienden a más de $40,000; y que la negativa de José Demetrio y Jesús Enrique de Jesús y Borrás a proceder a la división material de la finca y entregar a los demandantes su participación en los productos de la misma, ha ocasionado a los mismos daños y perjuicios que se estiman en no menos de $5,000.

Los demandados José Demetrio y Jesús Enrique de Jesús y Borrás al contestar la demanda admiten algunas de las alegaciones de ella y contradicen otras. Aceptan, sin argüirla de nulidad, la escritura de venta con pacto de retro de

la hacienda San Pedro otorgada en 14 de noviembre de 1866. Niegan haber estado en posesión de la hacienda San Pedro con el carácter de cesionarios de la partícipe Celsa Borrás o en cualquier otra personalidad o representación, por más que son dueños a partes iguales del condominio que les tras- mitiera Angela Julia Borrás, heredera de Celsa Borrás, por escritura de compraventa y cesión de derechos y acciones otorgada en Arecibo a 19 de noviembre de 1909. Alegan que la hacienda San Pedro está actualmente, como de mucho tiempo atrás viene estándolo, dividida en porciones diferentes constitutivas de distintas fincas repartidas entre diversas per- sonas que las poseen y disfrutan, y que si ellos José Deme- trio y Jesús Enrique de Jesús y Borrás poseyeran tierras procedentes de la hacienda San Pedro nunca esas tierras constituirían la totalidad de la finca sino una pequeña parte de ella. Y niegan que los demandantes y todos los deman- dados sean los dueños proindiviso de la hacienda San Pedro según la escritura de 14 de noviembre de 1866.

Como segunda defensa alegan José Demetrio y Jesús Enrique de Jesús y Borrás que las únicas tierras que poseen y vienen poseyendo desde tiempo casi inmemorial con sus hermanos Rafael, Miguel y Alejandrina de Jesús y Borrás son dos fincas rústicas, una de ellas compuesta de 135 cuer- das de terreno llano, 125 de cañas dulces y el resto a pastos y malezas, y la otra, con cabida de 150 cuerdas más o menos, a pastos, frutos menores y malezas y con algunas planta- ciones de café, ambas fincas ubicadas en el barrio de Hato Viejo, término municipal de Arecibo, bajo los lindes que se expresan estando enclavada en la segunda finca una casa para habitación, de maderas, techada de zinc, con algunos bohíos, cuyas fincas adquirieron los cinco hermanos de Jesús y Borrás en común proindiviso por compra a su padre Deme- trio de Jesús por los años de 1880 a 1882 poseyéndola desde entonces como dueños, sin que los demandados José Deme- trio y Jesús Enrique de Jesús y Borrás posean otras tierras solos ni conjuntamente.

Como tercera defensa alegan los demandados José Demetrio y Jesús Enrique de Jesús y Borrás haber adquirido por prescripción ordinaria y extraordinaria en unión de sus hermanos ya nombrados el condominio indiviso de las dos fincas que poseen habiendo adquirido también por prescripción el dominio de los frutos por dichas tierras producidos mediante su posesión y disfrute no interrumpido por más de tres años con buena fe, sin necesidad de ninguna otra condición.

Blanca y Sara Ruiz Sagredo e Irizarry, Angelina Ruiz Sagredo y Zeda, Josefina, Eufemia y Rita Ruiz Sagrado y Zeda y Celestina Irizarry, titulándose herederos, sucesores y causahabientes de los demandados José Domingo, Gregorio, Dominga y Teresa Ruiz y Sagredo comparecieron como demandados y se allanaron a la demanda.

Celebrado el juicio la corte dictó sentencia en 16 de abril de 1917 por la que declara sin lugar la demanda en todas sus partes con las costas a cargo de los demandantes y decreta el cierre de la administración constituída en el pleito y la presentación de su cuenta final por el síndico nombrado don Alberto García, contra cuya sentencia interpuso la representación de los demandantes recurso de apelación para ante esta Corte Suprema.

La corte inferior como resultado de las pruebas aportadas al juicio llegó entre otras conclusiones de hecho a las siguientes: 1ª. Que la finca hacienda "San Pedro" tal como se presenta en la demanda no existe actualmente hallándose dividida en porciones de terreno poseídas por diversas personas como dueños; 2ª. Que ni los demandantes ni su causante ni ninguno de los acreedores que figuran en la escritura de cesión en pago, de 14 de noviembre de 1866 poseen ni han poseído el todo ni parte alguna de la hacienda "San Pedro"; 3ª. Que la hacienda "San Pedro" antes y después de la cesión del año 1866 estuvo siempre en poder de Demetrio de Jesús quien la disfrutó en vida como suya entregando ciertos terrenos de la misma a sus hijos los demandados de Jesús para su disfrute y aprovechamiento pasando esos terrenos de hecho a los mismos,

quienes continuaron en la posesión real de esas tierras por un período de más de treinta años, a nombre propio como únicos dueños, y no en interés o a nombre de los demandantes y acreedores; 4ª. Que comparando los acreedores relacionados en la escritura de 14 de noviembre de 1866 con los nombres consignados en el título de la demanda, se ve que en ésta se omiten algunos de los que constan en la escritura citada como adjudicatarios de la hacienda "San Pedro."

Las anteriores conclusiones de hecho deben tenerse por indiscutibles para la resolución de las cuestiones legales envueltas en el recurso, pues no aparece que el pliego enmendado de exposición del caso y excepciones formulado por los demandantes a los efectos de la apelación haya sido aprobado por el juez de la Corte de Distrito de Arecibo, y por tanto carece de eficacia legal para la apreciación de los elementos probatorios hecha por la corte sentenciadora. *López v. American Railroad Co. of Porto Rico,* 11 D. P. R. 154 y *Morfi et al. v. The Fajardo Development Co.,* 19 D. P. R. 1203.

Las alegaciones de la demandante tienden a obtener mediante el ejercicio de la acción *communi dividundo* como pronunciamiento principal de la sentencia que se condene a los demandados a proceder a la división material de la finca "San Pedro" descrita en la demanda, entregando a aquella la parte proporcional que de la misma le corresponda, y como pronunciamientos accesorios que se condene especialmente a los demandados José Demetrio y Jesús Enrique de Jesús y Borrás a rendir cuenta y liquidación justificadas de las rentas, frutos y productos obtenidos en la mencionada finca y a entregar a los demandantes la parte proporcional que de esos productos les corresponda, pagando además los demandados los daños y perjuicios que la corte determine.

Es requisito esencial para el ejercicio de la acción *communi dividundo* que la cosa cuya división se pretende sea poseída proindiviso y en común por el actor y demandado, pues esta circunstancia es la que determina la facultad que tiene el

copropietario para pedir que la cosa común se divida conforme a la ley 2ª., título 18, libro 11º., de la Novísima Recopilación, y hoy con arreglo al artículo 407 del Código Civil Revisado, que es el 400 del Código Civil Español; y la posesión sólo puede reputarse en común o de consuno cuando los bienes se poseen colectivamente en interés y a nombre de todos los copropietarios o partícipes, y no cuando con título más o menos perfecto se tienen o disfrutan individualmente,· obrando el poseedor en nombre propio como único dueño sin intervención de otros.    Sentencias del Tribunal Supremo de España de 15 de junio de 1888 y 20 de junio de 1904.

Los demandados José Demetrio y Jesús Enrique de Jesús y Borrás, según estima probado el juez de Arecibo, poseen los terrenos de que disfrutan a título de dueños y no a nombre y en interés de los demás, que según alegaciones de los demandantes son también condueños o partícipes en el dominio, faltando por consiguiente un elemento necesario para el ejercicio de la acción *communi dividundo* ejercitada en la demanda.

Además la acción *communi dividundo* debe dirigirse contra todos los partícipes o comuneros con el fin de que no resulte ineficaz la sentencia que se dicte para hacer efectiva la división de la cosa común.    *Fernández* v. *Gutiérrez,* 10 D. P. R. 69. Y ·como no han sido traídos al juicio todos los acreedores de Demetrio de Jesús que como adjudicatarios figuran en la escritura de 14 de noviembre de 1866, pues faltan algunos de éstos según apreciación de la corte sentenciadora, no puede prosperar la acción ejercitada en la demanda.

Las razones expuestas, que son fundamentales, sostienen la sentencia apelada, y se hace innecesario entrar en el examen de otros razonamientos que en apoyo de la misma aduce la corte *a quo* en su opinión.

La representación de los demandados José Demetrio y Jesús Enrique de Jesús y Borrás presentó moción que también fué discutida en la vista del recurso, para que éste fuera des-

estimado por no haberse formalizado debidamente, pues el escrito de apelación no fué notificado en tiempo oportuno a los demás demandados. La parte apelante sostiene que los demandados a que se refiere la moción no eran partes necesarias pues fueron traídos al juicio por la razón de no haberse querido unir como partes a los demandantes.

El resultado de la anterior moción si se declarara con lugar sería la desestimación del recurso, quedando así subsistente la sentencia apelada; y como a esa conclusión hemos llegado mediante el estudio del caso por sus méritos, carece de finalidad práctica la consideración de tal moción. *Rubert Hermanos et al.* v. *Sucesión Igaravídez et al.*, 23 D. P. R. 293.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.

El Juez Asociado Sr. Aldrey no intervino.