RICARDO L. RODRÍGUEZ PADILLA ET AL., demandantes y recurridos, *v.* EMMA (CARMEN) JUDITH CABASSA, demandada y recurrente.

*Número:* R-73-71      *Resuelto:* 11 de septiembre de 1974

*Manuel Dorta-Duque,* abogado de la recurrente; *González & Rodríguez* y *Francisco Cobián Guzmán,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Este caso envuelve el cumplimiento específico de un contrato de compraventa de un solar de 1,200 metros cuadrados

ubicado en el sector Breñas del Barrio Sabana de Vega Alta. El tribunal de instancia condenó a la recurrente a otorgar la escritura de compraventa transfiriendo el solar al recurrido por la cantidad de $24,000.

En revisión la recurrente formula varios apuntamientos dirigidos a impugnar las conclusiones de hechos del tribunal sentenciador, la naturaleza del contrato y la negativa del tribunal a aplicar al caso la prohibición establecida en el Art. 24 de la Ley de Planificación, 23 L.P.R.A. sec. 25.

Con respecto a la apreciación de la prueba basta decir que quedamos satisfechos con una lectura del récord de que las conclusiones del tribunal de instancia tienen pleno apoyo en la prueba desfilada. La prueba de la recurrente corroboró en los extremos esenciales la de los recurridos. No está en disputa que las partes acordaron la compraventa por una cantidad específica, $24,000. La discrepancia es en torno a si el convenio fue por el solar completo o sólo por una parte del mismo. El tribunal concluyó que el acuerdo fue por el solar completo y no encontramos en el récord justificación para intervenir con dicha conclusión.

Admitida la corrección de las conclusiones de hechos, no tiene relevancia la argumentación de la recurrente de que nunca se perfeccionó el contrato por no existir el consentimiento. El tribunal concluyó en forma adversa a la recurrente por lo cual resulta superflua cualquier discusión relativa a la ausencia o error en el consentimiento.

El tercer apuntamiento es de un tenor distinto. La recurrente se queja de que el tribunal de instancia hizo caso omiso de la prohibición contenida en el mencionado Art. 24 de la Ley de Planificación, el cual dispone en lo pertinente:

"Carecerá de eficacia cualquier otorgamiento de escritura pública o contrato privado de lotificación si no ha sido sometida previamente dicha lotificación a la consideración de la Junta de Planificación de Puerto Rico y no ha sido aprobada por ésta, excepto en aquellos casos en que lo permita el Reglamento de Loti-

ficación; Disponiéndose que cualquier otorgamiento por medio de escritura pública o contrato privado en el cual se haga una lotificación sin haber sido previamente sometida y aprobada por la Junta de Planificación, cuando ello fuere necesario, quedará ratificado y convalidado si con posterioridad a dicho otorgamiento la Junta de Planificación aprobare mediante resolución la lotificación objeto de la escritura o contrato privado.

Esta última disposición no se interpretará en el sentido de permitir la inscripción con defecto subsanable en el Registro de la Propiedad de aquellos títulos que no estén acompañados de la Resolución de la Junta de Planificación, aprobando, verificando, o convalidando la lotificación." 23 L.P.R.A. sec. 25.

■ Nótese que la interdicción es absoluta. No tiene eficacia, esto es, no produce efecto alguno, el otorgamiento de un contrato privado de lotificación, como en este caso, si no ha sido aprobado previamente por la Junta de Planificación. Se atenúa el rigor de la prohibición admitiendo la convalidación del contrato si con posterioridad la Junta de Planificación aprobase la lotificación.

El tribunal de instancia se negó a considerar la aplicación al caso de autos de esta clara prohibición de orden público por entender que el planteamiento era tardío. Afirmó el tribunal en su sentencia que la recurrente levantó la cuestión por primera vez en el alegato. "No creemos", dijo, "que a estas alturas esté disponible para la demandada la anterior defensa por no haberla planteado oportunamente, y por tal razón no vamos a entrar en la discusión de sus méritos."

No es correcto que la recurrente promoviera por primera vez la cuestión en el alegato. Observamos que a la pág. 35 de la transcripción de evidencia ocurrió el siguiente incidente:

"Lic. Casasnovas:

Con la venia del tribunal, hasta ahora habíamos aceptado la alegación tercera de la demanda que tiene el efecto de traer una cosa que pasa en Puerto Rico todos los días. Aquí lo que se está vendiendo es una participación en una comunidad. Ellos hablaron en términos de un solar.

Lic. Boneta:

Nosotros negamos la existencia de que haya tal condominio pro-indivisa. [*sic*] Entiendo que la regla de procedimiento civil dice que la alegación se entiende [*sic*] por prueba presentada y estamos en condiciones de presentar las escrituras de la señora Cabassa, donde se especifica que esa venta es de un solar y no de un condominio, y segundo que es un hecho que nosotros vamos a establecer en nuestro turno. *Que nunca hubo un permiso de segregación en esa venta.* Por eso es nuestro interés en hacerle preguntas al compañero." (T.E. págs. 35–36. Énfasis suplido.)

Se presentó en evidencia la escritura de adquisición original de la recurrente en la cual aparece que estando ya en vigor la mencionada prohibición del Art. 24, dicho solar fue segregado de una finca de mayor cabida y traspasado a la recurrente, sin que se hubiese presentado prueba sobre la aprobación de la segregación por la Junta de Planificación.

■ Es significativo el hecho de que en la demanda instada por los recurridos se alega que las partes acordaron la compra de un condominio *pro indiviso* e indeterminado, en cuyo caso no sería de aplicación la prohibición del Art. 24 puesto que no habría una segregación. El recurrido es abogado y por sus conocimientos especializados debemos asumir que conoce la distinción, fundamental en derecho, entre la compra de un solar y la compra de un condominio pro indiviso e indeterminado. Es razonable inferir que su alegación fue con el propósito de evadir la prohibición de marras.

Consideramos que la forma en que se suscitó la cuestión ante el tribunal de instancia, aunque suficiente para poner sobre aviso al tribunal, no fue, sin embargo, la más propia para una cuestión de orden público tan importante como ésta. Es por eso, que debe devolverse el caso al tribunal de instancia para que las partes tengan la oportunidad de someter a la Junta de Planificación la aprobación de la segregación del solar, en cuyo caso quedaría convalidado el contrato de compraventa quedando la recurrente obligada al cumplimiento específico. De no obtener la aprobación de la Junta el

contrato no tendría eficacia legal y no sería susceptible de cumplimiento específico ante los tribunales.

Se dictará sentencia *dejando sin efecto la dictada por el tribunal de instancia y se devolverá el caso para ulteriores procedimientos conforme lo antes expuesto.*

El Juez Asociado Señor Rigau, no intervino en la decisión del caso.