JUDITH CABASSA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, SECCIÓN TERCERA, recurrido.

*Número:* O-84-701     *Resuelto:* 15 de enero de 1986

*Manuel Dorta-Duque,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El 3 de mayo de 1984 la recurrente presentó al Registro de la Propiedad, para su inscripción, copia de la escritura Núm. 210, sobre segregación y compraventa, otorgada ante el notario José R. Fournier el 26 de agosto de 1948. Mediante dicha escritura los esposos Álvarez-Flores vendieron a la Srta. Judith Cabassa una parcela de terreno de 1,200 metros cuadrados.

El Registrador de la Propiedad[1] denegó la inscripción por varias razones. En primer término señaló que del Registro surge que los dueños de la finca han vendido a través de los años cuotas indivisas de la misma, y que constituyendo el acto de segregación un acto traslativo de dominio deben concurrir todos los comuneros a prestar su consentimiento en la escritura. Los defectos segundo y tercero están relacionados con el permiso otorgado por la Administración de Reglamentos y Permisos (ARPE) para la segregación. Las colindancias señaladas por la agencia gubernamental por el Sur y Oeste de la parcela no coinciden con las consignadas en la escritura pública. Arts. 61 y 87 de la Ley Hipotecaria, 30 L.P.R.A. secs. 2264 y 2308, respectivamente. Por último, indicó que la cabida de la finca según surge de la autorización

---

[1] Hon. Virgilio Mainardi Peralta.

de ARPE es de 1,155.832 metros cuadrados, y según la escritura es de 1,200. Art. 64 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2267.

La recurrente plantea que aunque surge del Registro que la finca pertenece a varios comuneros en cuotas indivisas, la realidad extraregistral es que a cada uno se le ha adjudicado una parcela específica, individual y delimitada. Que con el propósito de burlar la Ley de Planificación estas personas han otorgado "escrituras públicas malamañosas" que han logrado acceso al Registro. Acusa al Registrador de "ratifica[r] todos esos desmanes" y de "tolera[r] y estimula[r] lo ilegal" al negarse a pasar sobre la validez de las inscripciones practicadas por otros Registradores. Plantea que nunca antes se había exigido la comparecencia de todos los condóminos para hacer el siguiente traspaso o venta de participaciones e inscribirlas.

■■■ No le asiste la razón a la recurrente. Al calificar un documento presentado para inscripción en el Registro de la Propiedad, el Registrador tiene que atenerse a lo que resulte de los documentos presentados y del estado de derecho creado por inscripciones anteriores. Debe respetar los asientos extendidos en el Registro, los cuales tiene que estimar válidos hasta tanto los tribunales declaren su nulidad, y que no pueden ser anulados ni discutidos por el Registrador. *Hernández* v. *Registrador*, 67 D.P.R. 452 (1947); *Esso Standard Oil Co.* v. *Registrador*, 88 D.P.R. 306 (1963). Véanse además J. Morell y Terry, *Comentarios a la Legislación Hipotecaria*, 2da ed., Madrid, Ed. Reus, 1927, T. 2, pág. 264; R. Roca Sastre, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. II, pág. 18. Sobre la naturaleza jurídica y el efecto de la función calificadora del Registrador de la Propiedad hemos señalado, citando de Roca Sastre, que nuestro sistema registral inmobiliario excluye " 'toda idea de que el Registrador es un Juez . . . ,' ni tiene por objeto '[d]eclarar la existencia o inexistencia de un derecho dudoso. . . .' La calificación regis-

tral está limitada a los solos efectos de extender, suspender o negar la inscripción o anotación, nota marginal o cancelación solicitada". *Muller Vergara* v. *Registrador*, 101 D.P.R. 587, 595–596 (1973); *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506, 509 (1943); *Cabrer* v. *Registrador*, 113 D.P.R. 424, 429 (1982).

■ Esta doctrina está recogida por el Art. 64 (30 L.P.R.A. sec. 2267) que dispone en parte sobre la calificación, lo siguiente:

> Al calificar documentos sujetos a registro, *los Registradores no están facultados para apreciar la legalidad de las calificaciones efectuadas ni de los asientos extendidos con anterioridad por sus predecesores o por ellos mismos.* Tales asientos así como los actos inscritos deberán estimarse válidos, hasta tanto los tribunales declaren su nulidad. (Énfasis suplido.)

Tampoco le asiste la razón en su segundo planteamiento. Argumenta que la constitución de la comunidad en este caso es ilegal, nula y contraria a la ley y el orden público, por lo que no es necesario el consentimiento de los comuneros al acto de segregación. Señala que los condóminos de 1948 han fallecido casi todos y que esta exigencia del Registrador "estimul[a] a este notario con la práctica fedataria [*post mortem*], a lo Fournier".(²) Alega que los condóminos simulados

---

(²) El abogado de la recurrente se refiere al incidente en que estuvo envuelto el notario José R. Fournier en otro caso. Allí se descubrió que éste hizo aparecer a una persona como otorgante de una escritura después de su fallecimiento. El licenciado Dorta-Duque, que suscribe este recurso gubernativo, debe ser más comedido y no incurrir en expresiones que rayan en la antieticidad, al poner en tela de juicio el nombre del Registrador, y no limitarse a plantear cuestiones de Derecho. Veamos algunas expresiones de este abogado respecto al Registrador:

"Puede un Registrador . . . desdecirse del Registro, y exigir otros nuevos requisitos, planteando nuevas exigencias, algunas de ellas estrambóticas y descabelladas. . . .

"[La] conducta calificadora [del Registrador es] impropia e ilegal . . . por haber añadido faltas sin mérito. . . .

. . . . . . . . . .

no van a comparecer por falta de interés "y mucho menos lo van hacer los ya fallecidos".

Existe la comunidad cuando la propiedad de una cosa o de un derecho pertenece pro indiviso a varias personas. Art. 326 C.C., 31 L.P.R.A. sec. 1271. Ningún condueño está obligado a permanecer en la comunidad. Puede pedir en cualquier tiempo que se divida la cosa común, Art. 334 del C.C., 31 L.P.R.A. sec. 1279, mediante la acción denominada *communi dividundo*, *López v. López*, 14 D.P.R. 655 (1908), en la cual la intervención de todos los condueños es imprescindible para que la adjudicación no resulte ineficaz. *Passalacqua v. Passalacqua*, 87 D.P.R. 587, 596 (1963); *Sucesión Collazo et al. v. Borrás et al.*, 26 D.P.R. 482 (1918). La segregación de una finca cuyo dominio pertenece en cuotas indivisas a varios dueños, para vender una parcela específica, equivale a una división de comunidad y adjudicación de parcelas a distintos copropietarios, lo cual es un acto traslativo de dominio. Resolvimos en *Autoridad F. Fluviales v. Registrador*, 71 D.P.R. 25, 33 (1950), que para que sea inscribible en el Registro de la Propiedad la escritura de división es indispensable la concurrencia de todos los que conforme al Registro sean copropietarios, a fin de que tales actos sean válidos y puedan ser inscritos. Conforme a lo que surge del Registro en este caso existe una comunidad de bienes que crea un estado de derecho correctamente respetado por el Registrador recurrido. La recu-

---

"[S]ostenerse y fundarse en las ventas simuladas en común, espúreas, ilegales, repulsivas, es el colmo, por decir lo menos." Alegato del abogado, págs. 5 y 8.

Este Tribunal ha dicho que la estatura moral e intelectual inherente al ejercicio de la abogacía impone un debate jurídico libre de personalismos y posiciones subjetivas que lo degraden a vulgar diatriba. (Cánones 9 y 35 de Ética Profesional.) *García Santiago v. Acosta*, 104 D.P.R. 321, 323 (1975). Un abogado, tanto en la vida privada como en el desempeño de su función, debe conducirse en forma digna y honorable. *In re Roldán Figueroa*, 106 D.P.R. 4, 12 (1977). Apartarse de estas normas amerita nuestra más enérgica repulsa.

rrente debe acudir a la vía judicial si interesa que se decrete la nulidad de los asientos efectuados.

▆▆▆ Su argumento de que los comuneros han fallecido se resuelve a base del Art. 599 del Código Civil, 31 L.P.R.A. sec. 2081, que define la sucesión como la transmisión de los derechos y obligaciones del causante a sus herederos. Implica, pues, la sustitución en la titularidad de los derechos o en las relaciones jurídicas que no sean personalísimos. Estos derechos son transmitidos a los herederos desde el momento de la muerte, Art. 600 del Código Civil, 31 L.P.R.A. sec. 2082, sin que obste el hecho de que la herencia no haya sido liquidada o repartida. *Torres* v. *Registrador*, 75 D.P.R. 128 (1953). La sucesión mortis causa es la subrogación de una persona en los bienes y derechos transmisibles, dejados a su muerte por otra. J. Castán Tobeñas, *Derecho civil español, común y foral*, 8va ed., Madrid, Ed. Reus, 1978, T. VI, Vol. 1, pág. 29 y ss. Las respectivas sucesiones de los comuneros ya fallecidos pueden prestar su consentimiento a la segregación.

Por último, la recurrente argumenta que este Tribunal en *Rodríguez Padilla* v. *Cabassa*, 102 D.P.R. 419 (1974), auspició la segregación del solar, y que habiendo acreditado la obtención del referido permiso, el Registrador está obligado a inscribir. En ese caso se trataba de una acción civil para obligar a la Srta. Judith Cabassa a otorgar una escritura de compraventa de la finca en controversia a favor de los demandantes, en virtud de un contrato de venta verbal. Se presentó la escritura de adquisición original de la señorita Cabassa en la que aparece la segregación de una finca de mayor cabida. El tribunal de instancia declaró con lugar la demanda, pero este Tribunal la dejó sin efecto hasta que se aprobara la segregación del solar, en cuyo caso quedaría convalidado el contrato de compraventa en cuestión.

No obstante las expresiones de este Tribunal, la recurrente debe cumplir con todas las demás disposiciones de la Ley Hipotecaria para lograr la inscripción. Su Art. 57 dispone que

"[s]e denegará la registración de resultar inscrito el derecho a favor de persona distinta de la que otorga la trasmisión o gravamen". 30 L.P.R.A. sec. 2260. Habiendo actuado el Registrador correctamente al denegar la inscripción por falta de tracto, no es necesario considerar los planteamientos referentes al permiso otorgado por ARPE.

*Se confirmará la nota denegatoria del Registrador de la Propiedad.*

El Juez Presidente Señor Pons Núñez no intervino.