El Juez Asociado Señor Feliberti Cintrón
emitió la opinión del Tribunal.
I
Hoy reafirmamos una característica fundamental de nuestro ordenamiento registral inmobiliario: la facultad li-mitada de un Registrador de la Propiedad al momento de calificar. Específicamente, resolvemos que un registrador no puede revisar la razonabilidad y la validez de unas con-diciones restrictivas inscritas previamente en el Registro de la Propiedad. Veamos.
*732 II
El 18 de julio de 2008 los esposos Roberto Pérez Rivera y Lissette María Rivera Guzmán (los peticionarios) otorga-ron una escritura titulada Escritura Matriz sobre Conver-sión al Régimen de Propiedad Horizontal del Condominio Padín 170. Mediante esta escritura, los peticionarios pretendían someter al régimen de propiedad horizontal la Finca Núm. 1,564 (Finca #1,564).(1) Dicho solar forma parte de la Urbanización Huyke en San Juan.
La mencionada escritura fue presentada el 22 de diciembre de 2009 ante la Sección II del Registro de la Pro-piedad de San Juan. El 6 de diciembre de 2012 la Regis-tradora de la Propiedad, Hon. Carmen E. Avila Vargas (la Registradora), notificó una serie de faltas que impedían que se constituyera el régimen de propiedad horizontal. En lo aquí pertinente, señaló que la Finca #1,564 está sujeta a ciertas condiciones restrictivas que requieren que toda edi-ficación que allí se construya sea para albergar no más de dos familias, entendiéndose que la edificación debe ser de dos plantas, cada una habitada por una familia distinta.(2) La Registradora concluyó que tales condiciones restrictivas creaban un impedimento para la constitución del régimen de propiedad horizontal ya que, según la escritura sujeta a calificación, el inmueble en controversia está compuesto *733 por tres apartamentos residenciales, dos de los cuales se encuentran en la segunda planta.
En desacuerdo, el 26 de diciembre de 2012 los peticio-narios presentaron un escrito de recalificación. La Regis-tradora, el 26 de abril de 2013, denegó nuevamente la ins-cripción utilizando como justificación las mismas faltas notificadas inicialmente y extendió una anotación preven-tiva de denegatoria. Inconforme, el 14 de mayo de 2013 los peticionarios presentaron ante nos el presente recurso gubernativo.
En esencia, los peticionarios alegaron que las condicio-nes restrictivas sobre la Finca #1,564 se relacionan al uso residencial del terreno, y no a la intensidad de dicho uso. Por lo tanto, debido a que cada uno de los tres apartamen-tos del inmueble se ha destinado para uso estrictamente residencial, los peticionarios razonaron que no se ha va-riado la naturaleza del uso permitido por las condiciones restrictivas ni el propósito del urbanizados Sostuvieron, además, que la interpretación de las condiciones restricti-vas que realizó la Registradora limitaba injustificada-mente su derecho propietario. Señalaron que el aumento poblacional en la zona urbana de San Juan no justifica la permanencia de amplias residencias familiares en el cen-tro de dicho municipio. Por consiguiente, aducen que lo que proponen no es una desviación de las condiciones restricti-vas establecidas hace siete décadas, sino una atemperación a las necesidades de desarrollo actuales.
Por otro lado, los peticionarios sostuvieron que el pro-ceso de calificación no se llevó a cabo de acuerdo con el procedimiento señalado en la Ley Núm. 198 de 8 de agosto de 1979, según enmendada, conocida como Ley Hipotecaria y del Registro de la Propiedad, 30 LPRA see. 2001 et seq. (Ley Hipotecaria). Específicamente, aducen que la Regis-tradora no cumplió con el Art. 71 de esa ley, 30 LPRA see. 2274 (Art. 71 de la Ley Hipotecaria), el cual establece un término de 30 días para extender una anotación preven- *734 tiva de denegatoria si, luego de recibida la solicitud de re-calificación, el registrador decidiera mantener su califica-ción original. En el caso de autos, los peticionarios señalan que la anotación preventiva se extendió unos cinco meses luego de presentada su solicitud de recalificación.
La Registradora sometió su alegato ante nos el 31 de mayo de 2013. Contando con el beneficio de la comparecen-cia de ambas partes, procedemos a resolver.
III
“La calificación [registral] es piedra angular del principio de legalidad [...]”. Distribuidora Gas PR v. Registradora, 188 DPR 351, 361 (2013). Como parte de este principio fundamental de nuestro ordenamiento registral, los registradores de la propiedad tienen la obligación de verificar que todo documento presentado ante el Registro de la Propiedad sea válido y perfecto. Íd.; R & G Premier Bank P.R. v. Registradora, 158 DPR 241 (2002). De esta manera, se permite que sólo tengan acceso al Registro los títulos que cumplan con las exigencias legales aplicables. Rigores v. Registrador, 165 DPR 710 (2005).
Para desempeñar esta función calificadora, el Art. 64 de la Ley Hipotecaria, 30 LPRA sec. 2267 (Art. 64 de la Ley Hipotecaria), dispone que los registradores únicamente podrán revisar los documentos que se presenten ante el Registro, los asientos regístrales vigentes y las leyes. Bechara Fagundo v. Registradora, 183 DPR 610 (2011). Dicho de otra manera, el registrador no puede fundamentar su determinación en lo que no conste en los títulos presentados y en el contenido del Registro. Pino Development Corp. v. Registrador, 133 DPR 373 (1993); L.R. Rivera Rivera, Derecho registral inmobiliario puertorriqueño, 3ra ed., San Juan, Jurídica Eds., 2012, pág. 279. Además, le está prohibido descansar en suposiciones o in- *735 terpretaciones al evaluar los documentos presentados ante el Registro. Bechara Fagundo v. Registradora, supra; Cabassa v. Registrador, 116 DPR 861 (1986).
El Art. 64 de la Ley Hipotecaria también establece que los registradores carecen de la facultad para evaluar la validez de las calificaciones efectuadas y de los asientos extendidos anteriormente por otros registradores o por ellos mismos. Basándose en el principio de legitimación, dicha disposición decreta que tales asientos extendidos, así como los actos inscritos, gozan de una presunción de validez y deben ser respetados por el registrador hasta tanto los tribunales declaren su nulidad. Consejo Tit. C. Parkside v. MGIC Fin. Corp., 128 DPR 538 (1991); Rivera Rivera, op. cit. Es decir, el registrador tiene una obligación de atenerse al estado de derecho creado por las inscripciones anteriores. Cabassa v. Registrador, supra. El que alegue la nulidad de un acto o contrato inscrito en el Registro tiene que acudir ante un foro judicial para que éste determine su validez, ya que el estado de derecho creado por las inscripciones anteriores sólo puede ser alterado por una orden judicial. San Gerónimo Caribe Project v. A.R.Pe., 174 DPR 640 (2008).
Hemos resuelto, además, que en nuestro sistema registral inmobiliario los registradores no están facultados para realizar tareas propias de jueces, Cabassa v. Registrador, supra, ni para declarar la existencia de un derecho dudoso entre partes. Gasolinas PR v. Registrador, 155 DPR 652 (2001). En fin, las funciones de los registradores están limitadas únicamente a determinar si un documento es inscribible o no. íd. Lo anterior se infiere claramente del Art. 67 de la Ley Hipotecaria, 30 LPRA see. 2270, el cual dispone que “[l]a calificación hecha por el registrador de los documentos presentados será a los únicos efectos de extender o denegar la inscripción, anotación, nota o cancelación solicitada [...]”.
*736 Como mencionamos anteriormente, la Ley Hipotecaria especifica que al momento de calificar los registradores pueden utilizar el propio Registro. Así pues, el registrador debe acudir a los asientos vigentes para realizar una comprobación de datos, tales como la identidad de la finca y la búsqueda de cargas y gravámenes. Rigores v. Registrador, supra. Esto tiene el propósito de identificar aquellas faltas que surgen del Registro y que impiden la registration del título presentado.(3) Rivera Rivera, op. cit., pág. 280. Una de las faltas que surge del propio Registro, y por la cual el registrador está autorizado a denegar la inscripción de un título, es “la existencia de condiciones restrictivas que impiden el acto o contrato que se pretende inscribir”. (Cita omitida). Rigores v. Registrador, supra, pág. 728.
Las condiciones restrictivas se constituyen unilateralmente por el urbanizador como parte de las servidumbres en equidad y sirven para limitar las facultades de los futuros adquirentes con respecto al uso destinado y las edificaciones permisibles dentro de la finca gravada. Rodríguez et al. v. Gómez et al., 156 DPR 307 (2002). Para asegurar su validez y eficacia, las servidumbres en equidad tienen que establecerse como parte de un plan general de mejoras, constar de forma específica en el título de la propiedad y ser inscritas en el Registro. Residentes Parkville v. Díaz, 159 DPR 374 (2003). Una vez se cumple con estos requisitos, las servidumbres forman derechos reales oponibles erga omnes. Rodríguez et al. v. Gómez et al., supra.
El Registro es público para quienes tengan interés en conocer sobre el estado jurídico de los inmuebles y derechos reales inscritos. Por lo tanto, el mismo sirve como el *737 notificador por excelencia a terceras personas sobre la existencia de condiciones restrictivas. Asoc. Vec. Urb. Huyke v. Bco. Santander, 157 DPR 521 (2002). Dado el principio de publicidad registral, se considera que el Registro le “otorga pleno conocimiento al que adquiere un terreno que está sujeto a la servidumbre en equidad ó restricción”. Id., pág. 536. Tales adquirientes tienen el deber de cumplir con las condiciones restrictivas impuestas por la servidumbre, por lo que no se les debe permitir cualquier conducta o actuación prohibida por éstas. Íd.; Rodríguez et al. v. Gómez et al., supra.
Si un titular entiende que las condiciones restrictivas a las cuales está sujeto su solar deben ser modificadas, o que ya las mismas están extintas, debe solicitar una sentencia declaratoria ante un tribunal. Asoc. V. Villa Caparra v. Iglesia Católica, 117 DPR 346 (1986). Véase también Sabater v. Corp. Des. Eco. del Pastillo, Inc., 140 DPR 497 (1996) (Sentencia). Específicamente, hemos señalado que el recurso de sentencia declaratoria sirve para obviar la inseguridad y los peligros que surgen por el desconocimiento de la vigencia de las servidumbres. Asoc. V. Villa Caparra v. Iglesia Católica, supra. Resolvimos en aquel entonces que de existir controversias entre una construcción propuesta y las restricciones a las cuales está sujeto un solar, es responsabilidad del propietario utilizar la sentencia declaratoria antes de proceder con cualquier obra. De no acudir al tribunal, los propietarios asumen los riesgos de cualquier actuación en contravención de las condiciones restrictivas, así como de los daños producto de sus acciones. íd. Véase Asoc. Vec. Urb. Huyke v. Bco. Santander, supra.
IV
En su alegato ante nos, la Registradora sostiene que debemos confirmar su calificación inicial, ya que existen *738 condiciones restrictivas a las cuales está sujeta la propie-dad de los peticionarios que impiden el acto que se pre-tende inscribir. Argumenta, además, que queda al margen de su competencia como registradora determinar la razo-nabilidad de las condiciones restrictivas. Esto, según ella, le compete únicamente a los tribunales. Le asiste la razón.
En primer lugar, es importante notar que en el caso de autos no hay controversia sobre el hecho de que la Finca #1,564 está sujeta a una servidumbre en equidad válida-mente inscrita en el Registro. Tampoco está en controver-sia que en la segunda planta del inmueble que se pretende someter al régimen de propiedad horizontal se construye-ron dos apartamentos para albergar dos familias distintas, algo que está claramente prohibido por las condiciones res-trictivas que afectan la mencionada finca.(4) Por constar inscritas, dichas limitaciones gozan del principio de publi-cidad registral, por lo que se otorga pleno conocimiento de las mismas a los peticionarios. Véase Asoc. Vec. Urb. Huyke v. Bco. Santander, supra. Consecuentemente, ellos tenían el deber de respetarlas. Al denegar la calificación solici-tada, la Registradora se percató oportunamente de que los peticionarios incumplieron con tales restricciones.
La Registradora tiene la potestad y el deber de auscul-tar en el Registro si existen obstáculos que impiden que se someta el inmueble al régimen de propiedad horizontal. No hay duda de que la existencia de las restricciones que pro-híben que haya más de un apartamento por piso es una de las razones por la cual la Registradora podía válidamente denegar la inscripción del título. Véase Rigores v. Registra- *739 dor, supra. Contrario a lo argumentado por los peticiona-rios, el hecho de que los apartamentos en controversia con-tinuasen teniendo un uso residencial no significa que no se estén violando las condiciones restrictivas impuestas por la servidumbre de equidad.
En su Escrito de Recalificación, así como en su recurso gubernativo ante nos, los peticionarios arguyen que la Re-gistradora erró al denegar la inscripción, ya que el aumento poblacional en San Juan no justifica la permanencia de re-sidencias amplias en dicho municipio y las restricciones alu-didas vulneran su derecho propietario. No obstante, como bien indica la Registradora, al momento de calificar los re-gistradores sólo pueden tomar en consideración los docu-mentos presentados ante el Registro y los asientos extendi-dos previamente. Véanse: Art. 64 de la Ley Hipotecaria; Bechara Fagundo v. Registradora, supra. Los argumentos que proponen los peticionarios están sujetos a la evaluación de factores extraregistrales, los cuales no constaban en los documentos presentados ante el Registro. Por esta razón, la Registradora acertadamente rechazó adentrarse en los argumentos interpuestos por los peticionarios.
Asimismo, y más fundamental aún, la Registradora ca-recía de la competencia para pasar juicio sobre la razona-bilidad de las condiciones restrictivas. En primer lugar, no estaba facultada para evaluar su validez, ya que las mis-mas fueron inscritas anteriormente por otro registrador. Por consiguiente, la Registradora tenía el deber de ate-nerse al estado de derecho creado por las condiciones res-trictivas, las cuales se presumen válidas. Véanse: Art. 64 de la Ley Hipotecaria; Cabassa v. Registrador, supra.
Además, los registradores gozan únicamente de la facul-tad para extender o denegar la inscripción solicitada, no para determinar si las condiciones restrictivas debían ser modificadas o extinguidas. Lo último es una controversia puramente extraregistral, la cual queda fuera de su *740 competencia. Acorde con lo anterior, la Registradora ejerció sus facultades calificativas correctamente al respetar las restricciones impuestas por la servidumbre en equidad y denegar la inscripción solicitada.
Por otro lado, en situaciones como la de autos, donde las partes solicitan que se le reconozcan derechos que no cons-tan en el Registro, los registradores no pueden servir como jueces. Véase Cabassa v. Registrador, supra. Es amplia-mente conocido que el único facultado para adjudicar dere-chos dudosos es el tribunal. Consecuentemente, si los peti-cionarios entendían que las condiciones restrictivas debían ser modificadas o extinguidas debido a cambios en el vecin-dario, o que las mismas ya no eran razonables, les corres-pondía haber empleado el recurso de sentencia declaratoria. Véase Asoc. V. Villa Caparra v. Iglesia Católica, supra. Tal procedimiento les hubiese permitido esclarecer cuáles eran las limitaciones existentes y si éstas continuaban vigentes a pesar de los cambios que, según ellos, podían ocasionar su modificación o extinción. Al obviar este mecanismo, los peti-cionarios escogieron el vehículo procesal inadecuado.
Finalmente, debemos señalar que los peticionarios tie-nen la razón al sostener que el proceso de recalificación no se llevó a cabo de acuerdo con el procedimiento señalado en el Art. 71 de la Ley Hipotecaria debido a que la Registra-dora, luego de recibida la solicitud de recalificación, se tardó más de cinco meses en extender la anotación preven-tiva de denegatoria. Sin embargo, esta demora no produjo efecto alguno en el documento presentado para calificación. Anteriormente hemos expresado que el tér-mino de 30 días establecido por el Art. 71 de la Ley Hipo-tecaria es de carácter directivo, no fatal. Senior Las Marías Corp. v. Registrador, 113 DPR 675, 683 esc. 5 (1982). Ahora bien, aunque este término es sólo directivo, los registrado-res todavía tienen una obligación de hacer un esfuerzo para cumplir con él. El Art. 66.3 del Reglamento General *741 para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1979, según enmendado, Reglamento Núm. 2674, Departamento de Estado, 9 de julio de 1980, pág. 29, establece un procedimiento de queja ante el registrador en cuestión y, en caso de ser necesario, ante el Director Admi-nistrativo del Registro de la Propiedad. De modo que, si los peticionarios entendían que no existía una causa justifi-cada para la demora, pudieron haber presentado su re-clamo directamente ante la Registradora.
Por todo lo anterior, resolvemos que la Registradora ac-tuó correctamente al denegar la inscripción solicitada ya que, debido a sus facultades limitadas al momento de cali-ficar, estaba vedada de revisar la razonabilidad y la vigen-cia de unas condiciones restrictivas inscritas en el Registro como parte de una servidumbre en equidad. Esta determi-nación le compete únicamente a los tribunales mediante un recurso de sentencia declaratoria.
V
Por los fundamentos expuestos anteriormente, procede-mos a confirmar la recalificación recurrida.

Se dictará sentencia de conformidad.

 La Finca Núm. 1,564 está inscrita al folio 32 del tomo 197 de Río Piedras Norte. Fue segregada originalmente de la Finca Núm. 27, inscrita al folio 119 del tomo 146 de Río Piedras Norte y está compuesta por el solar núm. 32 de la manzana “B” de la Urbanización Huyke.

 La Registradora también notó la presencia de otras faltas que deben ser atendidas luego de que sea subsanado el primer impedimento señalado, específica-mente, la ausencia de varios documentos requeridos para inscribir una escritura pública sobre propiedad horizontal en el Registro de la Propiedad. Véase Art. 22 de la Ley Núm. 104 de 25 junio de 1958, según enmendada, conocida como Ley de la Propiedad Horizontal, 31 LPRA sec. 1292. Debido a que en esta ocasión sólo nos pronunciaremos sobre el efecto de las condiciones restrictivas según aludido en los señalamientos consignados por la Registradora, no discutiremos las faltas adicionales.

 El Art. 68 de la Ley Hipotecaria y del Registro de la Propiedad (Ley Hipotecaria), 30 LPRAsec. 2271, establece específicamente que serán faltas que impiden la registraeión del título presentado “H]as que se originen de obstáculos del Registro [...]".

 La servidumbre, según consta en la Escritura Núm. 65 otorgada el 9 de septiembre de 1946 y debidamente inscrita en el Registro, en lo pertinente dispone:
“1. La edificación que se levante en cada uno de los solares será dedicada única y exclusivamente para fines de residencia y no más de dos familias, entendiéndose que cuando una edificación se construya para albergar dos familias, ésta será de dos plantas cada una de las cuales albergará una familia distinta”. Apéndice del Alegato de la Registradora, pág. 81.