ADRIÁN SABATER CORREA y OTROS, demandantes y peticionarios, *v.* CORPORACIÓN DE DESARROLLO ECONÓMICO DEL PASTILLO, INC. y OTROS, demandados y recurridos.

*Número:* CE-94-693          *Resuelto:* 1ro de abril de 1996

---

498

*Luis E. Rodríguez Santiago*, abogado de la parte peticionaria; *Pedro Ortiz Álvarez*, abogado de la parte recurrida.

500

504

506

— o —

Opinión disidente emitida por el Juez Asociado Señor Fuster Berlingeri.

I

En el caso de autos, el tribunal de instancia dictó sentencia basada en una estipulación que fue presentada oralmente al tribunal por los abogados de las partes y cuyo contenido concreto desconocemos porque el foro a quo no lo reprodujo en su sentencia. En ésta, el tribunal ordenó a los demandados que paralizaran la construcción de un edificio para servicios de salud en un solar de una urbanización, que conforme a las escrituras de segregación y compraventa sólo podía usarse para fines residenciales.

Posteriormente, los demandados solicitaron que se les relevara de dicha sentencia mediante dos (2) mociones a tales fines. En esencia, formularon dos (2) planteamientos sustantivos en apoyo de su solicitud. Primero, que posterior a la estipulación, la restricción de uso que existía en cuanto al solar había sido eliminada por la corporación que desarrolló la urbanización, que incluía la asociación de vecinos, la cual alegadamente tenía facultad para hacerlo. En vista de ello, se adujo que existía una nueva situación de derecho que no estaba presente al hacerse la estipulación. Segundo, que la restricción original, aunque constaba en ciertas escrituras y había sido registrada, no era del tipo que constituía propiamente una servidumbre en equidad; y aun si lo fuese, había quedado modificada por las circunstancias. Respecto a este segundo fundamento, se alegó que originalmente el abogado de las demandadas había incurrido en error al acordar la estipulación, por no tener en ese momento un cuadro correcto sobre la naturaleza y el alcance de la restricción.

Así las cosas, el tribunal de instancia, en evidente refe-

rencia al inciso (5) de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, resolvió que los "fines de la justicia en estos casos" exigía que se celebrara "una vista en sus méritos donde cada una de las partes tenga la oportunidad de presentar la evidencia correspondiente". Por ello, *aunque dejó en vigor el injunction que existía en contra de los demandados, que les prohibía continuar con la construcción del edificio en cuestión*, declaró con lugar la moción de relevo e instruyó que el caso fuese señalado para vista en su fondo.

De esa orden los demandantes acudieron ante nos, alegando que la sentencia original constituía cosa juzgada y que el tribunal de instancia no podía acceder a la solicitud de relevo de sentencia de los demandados.

## II

De lo anterior se desprende que la cuestión concretamente ante nos es si procedía o no que el tribunal de instancia concediera el relevo de la sentencia original. Es decir, lo que nos toca resolver es si, conforme la Regla 49.2 de Procedimiento Civil, *supra*, tenía base razonable para conceder el relevo de sentencia.

La norma básica que rige la cuestión aludida es que la Regla 49.2, *supra*, debe interpretarse *liberalmente* y que cualquier duda sobre su aplicación *debe resolverse a favor del que solicita que se deje sin efecto la sentencia*, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos. *Díaz v. Tribunal Superior*, 93 D.P.R. 79 (1966).

El tribunal de instancia actuó conforme la norma aludida. No sólo se le había planteado que la estipulación original fue producto de un alegado error de parte del representante legal de las demandadas, sino que se adujo, además, que independientemente de ese error, existían nuevas circunstancias en virtud de las cuales *no era equitativo que la sentencia original continuara en vigor.* Tales

planteamientos eran suficientes para conceder el relevo, conforme lo dispuesto en el inciso (5) de la Regla 49.2, *supra*. Si había alguna duda, como evidentemente la tuvo el foro sentenciador aquí, procedía resolverla a favor del peticionario del relevo, como correctamente lo hizo el tribunal de instancia.

Nótese que en este caso la sentencia cuyo relevo se solicita no resultó de una adjudicación ordinaria. La controversia sobre la naturaleza, el alcance y la duración de las restricciones sobre el solar no se resolvió mediante vista en su fondo. El tribunal dictó la sentencia aludida a base de una estipulación que luego fue impugnada por haberse acordado por error y por cambio en las circunstancias originales. La orden de relevo, pues, sólo perseguía darle a las partes su día en corte para que la controversia entre ellas se adjudicara en sus méritos. El tribunal de instancia incluso dejó en vigor la prohibición de construir que mediaba contra los demandados.

En vista de lo anterior, no entiendo por qué la mayoría del Tribunal ha optado por revocar al tribunal de instancia. La decisión de conceder el relevo de sentencia de dicho foro estaba claramente dentro de los límites permisibles del ejercicio de su discreción. Era consistente, además, con los propósitos más fundamentales de nuestro sistema procesal de que los casos se diluciden en sus méritos y de que haya una justa solución a la contienda. *J.R.T. v. Aut. de Comunicaciones*, 110 D.P.R. 879 (1981); *Núñez González v. Jiménez Miranda*, 122 D.P.R. 134 (1988).

### III

Existe otra razón fundamental por lo cual creo que es errado el proceder de la mayoría del Tribunal en este caso. En su sentencia, la mayoría procede a adjudicar la controversia de si existía o no una servidumbre en equidad res-

pecto al solar en cuestión. También resuelve que dicha servidumbre no está extinguida. *Estas cuestiones, como ya hemos señalado, nunca fueron adjudicadas por el tribunal de instancia.* La sentencia basada en la estipulación ni siquiera alude a tales cuestiones. Son precisamente las cuestiones que debían dilucidarse en los méritos, cuando se celebrase la vista en su fondo ordenada por el *foro* a quo. Ahora la mayoría no sólo las resuelve por su cuenta por primera vez, sino que lo hace a base de las alegaciones y de copias de documentos presentados *por una sola de las partes.*

La mayoría, pues, excede su rol como foro apelativo. No está revisando cuestiones ya decididas en instancia. Está resolviendo por primera vez cuestiones que estaban pendientes en instancia. Más aún, las resuelve esencialmente a base del expediente del recurrente, que sólo contiene *copias* de documentos que no se han acreditado judicialmente. Lo hace, además, sin que la parte contraria haya tenido la oportunidad de presentar su propia prueba, que es necesaria aquí, ya que hay cuestiones de hecho sobre las cuales giran las controversias de derecho. Finalmente, la mayoría actúa sin la debida atención a los planteamientos de derecho del recurrido. Dice, por ejemplo, al final de su sentencia, que "no surge del expediente, ni las partes han argumentado, que se cumpla con ... los requisitos ... para poder extinguir la servidumbre en equidad" (Sentencia, pág. 509), cuando ello es precisamente uno de los planteamientos que en varias ocasiones ha hecho el recurrido. En mi parecer, todo esto es un proceder inusitado, que raya en la negación del debido proceso de ley.

La mayoría, de haber tenido fundamentos para ello, podía resolver que ante el tribunal a quo no se presentó ninguna de las razones que justifican el relevo de sentencia, conforme la Regla 49.2, *supra.* Pero no podía adjudicar sustantivamente y sólo a base del expediente unas controver-

sias que estaban pendientes para dilucidarse por primera vez en instancia y que requerían recibir prueba para adjudicarse.

Por los fundamentos expuestos, disiento.