ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ASOCIACIÓN DE TITULARES DE LA URBANIZACIÓN VILLA DOS PINOS, INC., representados por su presidenta MARÍA GUERRERO DE LEÓN, quien también comparece en su carácter personal por ser parte adversamente afectada<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO (OGPe)<br><br>JEAMALY RIVERA PÉREZ<br><br>Recurrida | KLRA202300461 | *REVISIÓN ADMINISTRATIVA* procedente de la OFICINA DE GERENCIA Y PERMISOS (OGPe) Departamento de Desarrollo Económico y Comercio<br><br>Caso Núm.: 2023-494595-PU-227588<br><br>Sobre: PERMISO DE USO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

Comparece ante *nos,* la Asociación de Titulares de la Urbanización Villa Dos Pinos, Inc. (Asociación), y nos solicita que revisemos y revoquemos el Permiso Único 2023-494595-PU-227588 emitido por la Oficina de Gerencia de Permisos (OGPe) el 31 de julio de 2023. El aludido Permiso Único fue concedido a favor de la parte recurrida, Jeamaly Rivera Pérez (Rivera Pérez) para establecer un Alojamiento Suplementario a Corto Plazo de tipo Turístico – Hospedería.

Por los fundamentos que expondremos a continuación, se *confirma* el Permiso Único 2023-494595-PU-227588.

**I.**

Número Identificador

SEN2023_____

Surge del expediente ante *nos* que, el 2 de junio de 2021, Rivera Pérez presentó una solicitud de permiso, con el propósito de obtener un permiso de uso de alojamiento temporero para hospedería y turismo en la propiedad localizada en el Núm. 827 de la Calle Diana de la Urbanización Villa Dos Pinos en San Juan. Consecuentemente, el *Single Business Portal* le asignó el número de trámite 2021-379333-PU-085710 y se refirió a la Oficina de Permisos del Municipio Autónomo de San Juan para su evaluación. El 2 de septiembre de 2021, el trámite 2021-379333-PU-085710 fue archivado por no haberse completado el proceso dentro del término de treinta (30) días.

Así las cosas, el 27 de octubre de 2021, la Asociación presentó un *Injunction*[1] permanente en contra de Rivera Pérez, por violación a las condiciones restrictivas de la Urbanización Villa Dos Pinos, al utilizar su propiedad para un uso comercial prohibido en dicha área residencial de conformidad con la Escritura Pública Núm. 57 del 27 de junio de 1952.[2]

Posteriormente, el 21 de enero de 2022, Rivera Pérez presentó una segunda solicitud de permiso de uso para Alojamiento Suplementario a Corto Plazo para la misma propiedad a través del *Single Business Portal.* Así, el sistema le asignó el número de trámite 2021-379333-PU-124543 e igualmente fue referido a la Oficina de Permisos del Municipio Autónomo de San Juan para su evaluación. El 8 de febrero de 2022, la Oficina de Permisos del Municipio Autónomo de San Juan le notificó a Pérez Rivera unos requerimientos para la subsanación. Luego de varios incidentes procesales, el 8 de julio de 2022, se archivó el trámite 2021-379333-

---

[1] Caso Núm. SJ2021CV07063.

[2] La Escritura Núm. 57 del 27 de junio de 1952 está inscrita en el Registro de la Propiedad.

PU-124543, pues Rivera Pérez no cumplió con los requisitos de subsanación.

Subsiguientemente, el 6 de marzo de 2023, la OGPe a través del Profesional Autorizado, Ing. Francisco J. Rivera Torres, emitió el Permiso Único 2023-494695-PU-223642 para Alojamiento y Desayuno (*Bed and Breakfast*) de tipo Turístico – Hospedería. No obstante, el 22 de junio de 2023, la parte recurrida presentó otra solicitud para obtener un Permiso de Uso a través del *Single Business Portal*. A dicha solicitud el sistema le asignó el número de trámite 2023-494695-PU-227588.

Consecuentemente, el 25 de junio de 2023, la parte recurrente presentó una *Solicitud de Intervención* en el *Single Business Portal*.[3] El 18 de julio de 2023, la OGPe expidió una *Resolución de la Solicitud de Intervención* mediante la cual declaró *Ha Lugar* la *Solicitud de Intervención* que presentó la Asociación. Posteriormente, el 31 de julio de 2023, el profesional autorizado, Ing. Francisco J. Rivera Torres, expidió el Permiso Único 2023-494695-PU-227588 para Alojamiento Suplementario a Corto Plazo de tipo Turístico – Hospedería.

Inconforme con dicha determinación, el 30 de agosto de 2023, la Asociación acudió ante *nos* mediante un recurso de revisión judicial, alegando la comisión de los siguientes errores:

### PRIMER SEÑALAMIENTO DE ERROR

Erró el Profesional Autorizado y la OGPe al emitir el 2023-494595-PU-227588 a favor de la recurrida Jeamaly Rivera Pérez para operar un *Alojamiento Suplementario a corto plazo* en el Núm. 827 de la Calle Diana de la Urbanización Villa Dos Pinos, en San Juan, Puerto Rico, sin cumplir con lo requerido reglamentariamente por la Compañía de Turismo en su *Reglamento de Hospederías de Puerto Rico*. Reglamento Núm. 8856 del 22 de noviembre de 2016.

---

[3] A la *Solicitud de Intervención* el Sistema le asignó el número SIN-010287.

**SEGUNDO SEÑALAMIENTO DE ERROR**

Erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un *Alojamiento Suplementario a corto plazo* para operar en la referida propiedad sin evaluar la totalidad de los trámites anteriores consignados en el expediente electrónico del *Single Business Portal* bajo el número del catastro de esta propiedad, 087-005-972-17.

**TERCER SEÑALAMIENTO DE ERROR**

Erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un *Alojamiento Suplementario a corto plazo* en la Urbanización Villa Dos Pinos, en San Juan, Puerto Rico, sin haber notificado de dicha intención y solicitud a la recurrente *Asociación de Titulares de la Urbanización Villa Dos Pinos, Inc.*, como parte Interventora, ni contar con el endoso de la *Asociación de Titulares de la Urbanización Villa Dos Pinos, Inc.*

**CUARTO SEÑALAMIENTO DE ERROR**

Erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un *Alojamiento Suplementario a corto plazo* en la Urbanización Villa Dos Pinos, en San Juan, Puerto Rico, la cual cuenta con cláusulas restrictivas consignadas en la Escritura Pública Núm. 57 de 27 de junio de 1952, debidamente inscrita en el Registro de la Propiedad de Puerto Rico, que impone un gravamen reales [sic] oponibles *erga omnes* sobre todos los solares que prohíbe el uso de la propiedad para los propósitos pretendidos en el permiso de uso 2023-494595-PU-227588.

**QUINTO SEÑALAMIENTO DE ERROR**

Erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un *Alojamiento Suplementario a corto plazo* para la explotación comercial de una propiedad sita en la Urbanización Villa Dos Pinos, la cual cuenta con el *Reglamento General y Cláusulas Restrictivas de la Asociación de Titulares de la Urbanización Villa Dos Pinos* de 5 de junio de 2005, según enmendado, que prohíben el uso pretendido.

**SEXTO SEÑALAMIENTO DE ERROR**

Erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un *Alojamiento Suplementario a corto plazo* para la explotación comercial de una propiedad sita en la Urbanización Villa Dos Pinos, a sabiendas del *Injunction* radicado y pendiente ante el Tribunal de Primera Instancia de San Juan en contra de la recurrida, por violación de las cláusulas restrictivas, en el *caso civil núm. SJ2021CV07063* desde el 27 de octubre de 2021.

Examinado el *Recurso de Revisión*, este Tribunal emitió una *Resolución* el 11 de septiembre de 2023, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. Ese mismo día, la OGPe presentó su *Oposición a Revision Administrativa.* Con el beneficio de contar con las comparecencias de las partes, procedemos a resolver.

**II.**

**A. Revisión judicial de las determinaciones administrativas**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, (3 LPRA sec. 9601 *et seq.*) (LPAU), se creó a los fines de uniformar los procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. *López Rivera v. Adm. de Corrección*, 174 DPR 247, 254-255 (2008).

La Sección 4.1 de la Ley de Procedimiento Administrativo Uniforme (LPAU), dispone que las decisiones administrativas finales pueden ser revisadas por el Tribunal de Apelaciones. (3 LPRA sec. 9671). La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581, 590-592 (2020); *Empresas Ferrer, v. ARPe,* 172 DPR 254, 264 (2007).

Es norma reiterada que las decisiones de los organismos administrativos están revestidas de una presunción de regularidad y corrección, *OCS v. CODEPOLA,* 202 DPR 842, 852-853 (2019). Esto debido a que, mediante esta norma se reconoce el peritaje del que

gozan los organismos administrativos en aquellas materias que le han sido delegadas por ley. *OCS v. Universal,* 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821 (2012).

Cónsono con lo anterior, la sección 4.5 de la LPAU establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". (3 LPRA sec. 9675). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que los tribunales no pueden extender un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 127 (2019).

Sin embargo, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36-37 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Torres Rivera v. Policía de PR,* 196 DPR 606, 627 (2016). Lo anterior responde a la vasta experiencia y conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).

Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque ésta no tiene que ser la única o la más razonable. *Vargas*

*Serrano v. Inst. Correccional,* 198 DPR 230, 237 (2017). Por lo tanto, al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Empresas Ferrer v. ARPe, supra,* pág. 264.

En esta tarea, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias v. Caribe Specially et al. II,* 179 DPR 923, 940 (2010). Mientras que, las determinaciones de hecho se deben sostener si las mismas se basan en evidencia sustancial que surja de la totalidad del expediente administrativo, *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018), las determinaciones de derecho pueden ser revisadas en su totalidad. *Torres Rivera v. Policía* de PR, *supra,* pág. 627.

Si bien es cierto que la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo, *Rebollo v. Y Motors,* 161 DPR 69, 77 (2004), los tribunales revisores descartarán el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía, supra.* Si la interpretación y la aplicación del derecho no es correcta, el foro apelativo está obligado a intervenir. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009). "En esas circunstancias, [el foro apelativo] cederá la deferencia que merecen las agencias en las aplicaciones e interpretaciones de las

leyes y los reglamentos que administra". *Rolón Martínez v. Supte. Policía, supra.*

### B. Ley Núm. 161-2009

Mediante la Ley Núm. 161-2009, conocida como la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada (23 LPRA sec. 9011 *et seq.*), se crearon varios organismos destinados a atender los diversos aspectos del proceso de permisos, entre los cuales está la OGPe. Dicha ley creó la OGPe como el organismo administrativo encargado de evaluar, aprobar o denegar las solicitudes ante su consideración. Véase, Exposición de Motivos de la Ley Núm. 161-2009, *supra.*

Con relación a la controversia ante *nos,* la Ley Núm. 161-2009, *supra,* hace una distinción entre el permiso discrecional y el ministerial. El Artículo 1.5 (48) de la Ley Núm. 161-2009, *supra,* define el término ministerial como:

> "Ministerial" — describe una determinación que no conlleva juicio subjetivo por parte de un funcionario público o Profesional Autorizado sobre la forma en que se conduce o propone una actividad o acción. El funcionario o Profesional Autorizado meramente aplica los requisitos específicos de las leyes o reglamentos a los hechos presentados, pero no utiliza ninguna discreción especial o juicio para llegar a su determinación, ya que esta determinación involucra únicamente el uso de estándares fijos o medidas objetivas. El funcionario no puede utilizar juicios subjetivos, discrecionales o personales al decidir si una actividad debe ser realizada o cómo debe ser realizada. [...]

Asimismo, la Ley Núm. 161-2019, *supra,* creó la figura del Profesional Autorizado con el fin de evaluar y expedir permisos ministeriales. Artículo 7.1 de la Ley Núm. 161-2019 (23 LPRA sec. 9017). Así pues, cuando el Profesional Autorizado interviene en un permiso de carácter ministerial no aplica criterios subjetivos ni discrecionales, sino que se limita a determinar, por ejemplo, si el uso es permitido en la propiedad bajo los distritos de calificación aplicables, si cumple con los requisitos de edificabilidad pertinentes, si el solicitante ha presentado los documentos requeridos y

satisfecho los pagos, entre otros. Así, los Profesionales Autorizados realizarán la revisión y evaluación de los documentos que el solicitante le presente, de conformidad con los requisitos establecidos mediante reglamento por el Director Ejecutivo. Artículo 7.8 de la Ley Núm. 161-2019 (23 LPRA sec. 9017h). Según establece el Artículo 8.4 A de la Ley Núm. 161-2019 (23 LPRA sec. 9018c-1), el Profesional Autorizado puede expedir permisos únicos.

De otro lado, el Artículo 9.10 de la Ley Núm. 161-2009 (23 LPRA sec. 9019i) dispone una presunción *iuris tantum* de la corrección y la legalidad de los permisos expedidos, incluyendo los tramitados a través de los Profesionales Autorizados. Un permiso podrá ser revocado únicamente si en su otorgamiento medió fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito; o en los casos en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas. La decisión de modificar, conservar o demoler la estructura recae en los tribunales, de conformidad con el debido proceso de ley y el procedimiento judicial establecido en los Artículos 14.1 y 14.2 de la Ley Núm. 161-2009, *supra*.

Al respecto, el Artículo 14.1 de la Ley Núm.161-2019, *supra*, establece, entre otras cosas, que,

> La Junta de Planificación, así como cualquier entidad gubernamental concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o una persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de *injunction, mandamus*, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: (1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa; (2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; (3) la paralización de un uso no autorizado; (4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado. (23 LPRA sec. 9024).

La petición de *injunction* al palio del artículo antes citado puede ser instada por una persona natural o jurídica con un interés propietario, el cual podría verse adversamente afectado. Es decir, el recurso provee un mecanismo para obtener la revocación de un permiso otorgado, cuya corrección y legalidad se presume. Claro está, dicha presunción puede ser controvertida si el permiso fue otorgado, por ejemplo, utilizando información incorrecta o sin contar con las autorizaciones correspondientes o incumpliendo las condiciones impuestas.

### a. Intervención

En cuanto a la figura del interventor, el Artículo 1.5 (44) de la Ley 161-2019, *supra*, define el término interventor como, "según definida por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico" [Derogada y sustituida por la Ley 38-2017]".

Cónsono con lo anterior, la Sección 1.3 (f) de la LPAU (3 LPRA sec. 9603) define el interventor como, "aquella persona que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento". La sección 1.3 (f) de la LPAU, *supra*, también establece que la adjudicación significa el pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspondan a una parte.

Por otro lado, el Artículo 15.2 de la Ley 161-2009 (23 LPRA sec. 9025a) dispone de la intervención como sigue:

(a) Intervención – Cualquier persona interesada en ser parte del proceso de evaluación de determinaciones finales, permisos, así como cualquier procedimiento adjudicativo requerido bajo las disposiciones de esta Ley deberá presentar una solicitud de intervención. El contenido, evaluación, adjudicación y revisión de determinaciones finales sobre solicitudes de intervención se regirá por lo dispuesto en la Ley de Procedimiento Administrativo Uniforme [Nota: Derogada y sustituida por la Ley 38-

2017]. Los detalles sobre el proceso de intervención deberán reflejarse en el Reglamento Conjunto.

La mencionada Sección 3.5 de la LPAU (3 LPRA sec. 9645) establece lo siguiente en cuanto a la Solicitud de Intervención en el Procedimiento Adjudicativo:

> [c]ualquier persona que tenga un interés legítimo en un procedimiento adjudicativo ante una agencia podrá someter una solicitud por escrito y debidamente fundamentada para que se le permita intervenir o participar en dicho procedimiento. La agencia podrá conceder o denegar la solicitud, a su discreción, tomando en consideración entre otros los siguientes factores:
> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
> (e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.
> (f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.
> (g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.
> La agencia deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención.

### b. Notificación

El Artículo 9.8 de la Ley Núm. 161-2009 (23 LPRA sec. 9019 g), establece, entre otras cosas, que:

> **[s]alvo por los permisos ministeriales**, el solicitante notificará sobre la presentación de una solicitud de permiso a los colindantes inmediatos de la propiedad donde se propone la acción y el término dentro del cual el solicitante presentará evidencia a la Oficina de Gerencia de Permisos o Municipios Autónomos con Jerarquía de la I a la V, según corresponda, de haber realizado dicha notificación, el cual se establecerá mediante reglamento. (Énfasis nuestro).

### C. Servidumbres en equidad

Las servidumbres en equidad consisten en unas restricciones que limitan el uso de terrenos y edificaciones, operan para beneficios de los presentes y futuros propietarios e imponen cargas o gravámenes especiales, como parte de un plan general para el

desarrollo y preservación de una urbanización residencial. Denominadas también como "restricciones privadas voluntarias", éstas limitan las facultades del propietario de una finca sujeta a dichos gravámenes con respecto a la edificación de obras nuevas, los cambios que pueda realizar a las obras ya hechas y los usos a los que puede destinar el inmueble. *SLG Fernández-Bernal v. RAD-MAN, et al.*, 208 DPR 310, 326 (2021). Véase, además, *Asoc. Vec. Urb. Huyke v. Bco. Santander*, 157 DPR 521, 535-536 (2002).

Nuestro máximo Foro ha establecido que, para que las servidumbres en equidad sean válidas y eficaces, requieren ser razonables, establecerse como parte de un plan general de mejoras, constar de forma específica en el título del inmueble y estar inscritas en el Registro de la Propiedad. *SLG Fernández-Bernal v. RAD-MAN, et al., supra,* pág. 327. Así pues, las restricciones privadas voluntarias son consideradas como un contrato de naturaleza real, *erga omnes*, toda vez que las partes acuerdan gravar su propiedad para limitar su uso; o porque, a sabiendas de las restricciones inscritas en el Registro de la Propiedad, adquieren la propiedad gravada y, por ende, aceptan someterse a las mismas. *SLG Fernández-Bernal v. RAD-MAN, et al., supra,* pág. 328. Sin embargo, las servidumbres en equidad pueden modificarse o extinguirse en varios escenarios; a saber, por: (1) convenio, renuncia o abandono de los interesados; (2) efecto del tiempo o por realizarse la condición si así se pactó; (3) confusión entre el titular del predio dominante y el sirviente; (4) expropiación forzosa; y, (5) por cambios radicales del vecindario que hacen de la restricción una irrazonable y opresiva para el dueño del predio. *Id.*, pág. 329; véase, además, Artículo 209 de la Ley Núm. 210-2015 (30 LPRA sec. 6339).

Con relación a los titulares que quieren hacer valer sus derechos e impedir violaciones a las limitaciones impuestas, éstos

tienen disponible el recurso de *injunction*. *SLG Fernández-Bernal v. RAD-MAN, et al., supra*, pág. 328. Asimismo, el Tribunal Supremo ha establecido que la mera concesión de un permiso no tiene el efecto ni el alcance de anular restricciones privadas que resulten inconsistentes con el permiso concedido. *Residentes Parkville Sur v. Díaz Luciano*, 159 DPR 374, 392 (2003). Véase, además, *Sabater v. Corporación Des. Eco. Del Pastillo, Inc.*, 140 DPR 497, 508 (1996). "De modo que una servidumbre en equidad retiene toda su vigencia, a pesar de que una agencia administrativa conceda un permiso de uso contrario a ese gravamen". *Residentes Parkville v. Díaz, supra*, pág. 392, citado con aprobación en *SLG Fernández-Bernal v. RAD-MAN, et al., supra*, pág. 334.

### D. Reglamento de Hospederías de Puerto Rico

El Reglamento de Hospederías de Puerto Rico, Reglamento Núm. 8856 de 22 de noviembre de 2016 establece en su Capítulo VIII, Artículo 4 inciso B (4) que, "[l]os Alojamientos Suplementarios que ubiquen dentro de complejos residenciales no podrán interferir con las leyes, los reglamentos, las condiciones restrictivas y normas que rigen las asociaciones de residentes o condómines, ni deberá afectar el carácter residencial de la comunidad".

### III.

En su recurso, la Asociación sostiene que erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 a favor de Rivera Pérez para operar un Alojamiento Suplementario a Corto Plazo en el Núm. 827 de la Calle Diana de la Urbanización Villa Dos Pinos en San Juan, Puerto Rico, sin cumplir con lo requerido reglamentariamente por la Compañía de Turismo en su Reglamento de Hospederías de Puerto Rico. Arguyó que, es la Compañía de Turismo la instrumentalidad pública encargada de reglamentar, fiscalizar y certificar los Alojamientos a Corto Plazo en

Puerto Rico. Añadió que, ni Rivera Pérez, ni el Profesional Autorizado, ni la OGPe cumplieron con los requisitos impuestos por la Compañía de Turismo para operar hospederías en la modalidad de Alojamiento Suplementario a Corto Plazo.

En cuanto al segundo señalamiento de error, señaló que incidió el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un Alojamiento Suplementario a Corto Plazo en la referida propiedad sin evaluar la totalidad de los trámites anteriores consignados en el expediente electrónico del *Single Business Portal* bajo el número del catastro de la propiedad. Por otra parte, y en sintonía con esto, en su tercer señalamiento indicó que erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para operar un Alojamiento Suplementario a Corto Plazo sin haber notificado de dicha intención y solicitud a la Asociación, como parte interventora, ni contar con su endoso.

Asimismo, la Asociación expresó que incidió el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 cuando la Urbanización Villa Dos Pinos en San Juan cuenta con cláusulas restrictivas consignadas en la Escritura Pública Núm. 57 de 27 de junio de 1952, que impone un gravamen real oponible *erga omnes* sobre todos los solares, que prohíbe el uso de la propiedad para los propósitos pretendidos en el Permiso de Uso 2023-494595-PU-227588. Además, con relación al quinto señalamiento de error la parte recurrente esbozó que erró el Profesional Autorizado y la OGPe al emitir el Permiso de Uso en cuestión para operar un Alojamiento Suplementario a Corto Plazo para la explotación comercial de una propiedad, la cual cuenta con el Reglamento General y Cláusulas Restrictivas de la Asociación de

Titulares de la Urbanización Villa Dos Pinos de 5 de junio de 2005, que prohíbe el uso pretendido.

Por último, la Asociación expresó que incidió el Profesional Autorizado y la OGPe al emitir el Permiso de Uso 2023-494595-PU-227588 para la explotación comercial de una propiedad sita en la Urbanización Villa Dos Pinos, a sabiendas del *Injuction* radicado y pendiente ante el TPI en contra de Rivera Pérez, por violación de las cláusulas restrictivas en el caso SJ2021CV07063.

Por su parte, la OGPe aseveró que el Profesional Autorizado se limita a evaluar aquellos casos que sean ministeriales. Así pues, la OGPe indicó que la expedición del permiso no conlleva la utilización de un juicio o evaluación reglamentaria por parte del Profesional Autorizado, sino que su función es evaluar si el uso presentado para autorización se encuentra incluido dentro de los permitido en el distrito por el Reglamento Conjunto. Agregó que, el cumplimiento con cualquier requisito impuesto por la Compañía de Turismo para la operación de una actividad determinada es separada e independiente de los requisitos establecidos para obtener un permiso de uso.

La OGPe argumentó, además, que, en cuanto a la falta de notificación de la solicitud, en casos de naturaleza ministerial no es necesario llevar a cabo tal notificación. Indicó que, la lista de colindantes solo se requiere cuando se trata de asuntos discrecionales, adjudicativos y cuasi legislativos. Asimismo, señaló que la mera concesión de un permiso no tiene el efecto ni el alcance de anular restricciones privadas que resultan inconsistentes con el permiso concedido. Concluyó que, el procedimiento en ley para hacer valer las restricciones en equidad lo es el *injunction* ante el Tribunal de Primera Instancia.

De una revisión del expediente ante *nos*, junto a la ley y los reglamentos aplicables, podemos colegir que el permiso de uso que solicitó Rivera Pérez era uno ministerial. En otras palabras, es una determinación que no conlleva juicio subjetivo por parte de un funcionario público o Profesional Autorizado sobre la forma en que se conduce o propone una actividad o acción. Véase, Artículo 1.5 (48) de la Ley Núm. 161-2009, *supra*. Es decir, el funcionario o Profesional Autorizado meramente aplica los requisitos específicos de las leyes o reglamentos a los hechos presentados, pero no utiliza ninguna discreción especial o juicio para llegar a su determinación, ya que esta determinación involucra únicamente el uso de estándares fijos o medidas objetivas. Íd.

Cónsono con lo anterior, el Artículo 9.8 de la Ley Núm. 161-2009, *supra*, establece que, salvo por los permisos ministeriales, el solicitante notificará sobre la presentación de una solicitud de permiso a los colindantes inmediatos de la propiedad donde se propone la acción y el término dentro del cual el solicitante presentará evidencia a la Oficina de Gerencia de Permisos o Municipios Autónomos con Jerarquía de la I a la V, según corresponda, de haber realizado dicha notificación, el cual se establecerá mediante reglamento.

En el caso ante *nos*, Rivera Pérez presentó una solicitud de permiso de uso al cual se le asignó el número de trámite 2023-494595-PU-227588. Dicho permiso de uso se solicitó con el propósito de operar un Alojamiento Suplementario a Corto Plazo en la propiedad de Rivera Pérez ubicada en la Urbanización Villa Dos Pinos en San Juan. Según surge del expediente, el Profesional Autorizado aplicó los requisitos específicos de las leyes o reglamentos a los hechos presentados y expidió el Permiso de Uso 2023-494595-PU-227588. A la luz del marco jurídico enunciado, al

ser el permiso de uso uno de carácter ministerial, por excepción, Rivera Pérez no estaba obligada a notificarle a la Asociación ni a los colindantes sobre la solicitud de permiso. Por lo tanto, el tercer error señalado no se cometió.

Asimismo, la Asociación alegó que incidió el Profesional Autorizado y la OGPe al emitir el Permiso de Uso para operar un Alojamiento Suplementario a Corto Plazo sin cumplir con lo requerido reglamentariamente por la Compañía de Turismo en su Reglamento de Hospederías de Puerto Rico. De entrada, debemos aclarar que el cumplimiento con cualquier requisito impuesto por la Compañía de Turismo para la operación de una actividad determinada es separada e independiente a los requisitos establecidos por la OGPe para la obtención de un permiso de uso. Es decir, el permiso emitido por la OGPe no depende de los requisitos reglamentarios establecidos por la Compañía de Turismo. A lo sumo, la Compañía de Turismo podía emitir una recomendación[4] *no vinculante*, lo cual con relación al Permiso de Uso 2023-494595-PU-227588 no sucedió. En consecuencia, el primer señalamiento de error no se cometió.

En su segundo señalamiento de error, la Asociación arguyó que erró el Profesional Autorizado y la OGPe al emitir el permiso de uso sin evaluar la totalidad de los trámites anteriores consignados en el expediente electrónico bajo el número de catastro de esta propiedad. Del expediente ante *nos*, ni del permiso de uso impugnado surge ningún indicio de que el Profesional Autorizado haya evaluado o no la totalidad de los trámites anteriores consignados en el expediente electrónico bajo el número de catastro de esta propiedad. Tampoco la parte recurrente citó disposición legal alguna que requiera dicha evaluación ni elaboró su planteamiento;

---

[4] Véase, Artículo 1.5 (72) de la Ley Núm. 161-2009, *supra.*

por lo tanto, no estamos en posición de evaluar su postura sobre este asunto.

En el cuarto, quinto y sexto señalamiento de error la parte recurrente reclama la existencia de servidumbres en equidad que gravan los predios de la Urbanización Villa Dos Pinos e impiden la actividad autorizada por el permiso de uso. Con su recurso, la Asociación incluyó como anejo la Escritura Pública Núm. 57 de 27 de junio de 1952, debidamente inscrita en el Registro de la Propiedad de Puerto Rico, que impone un gravamen real sobre todos los solares de la comunidad. Además, adujo que el Reglamento General y Cláusulas Restrictivas de la Asociación de Titulares de la Urbanización Villa Dos Pinos de 5 de junio de 2005, según enmendado, prohíbe el uso pretendido y que presentó un *injunction* ante el Tribunal de Primera Instancia de San Juan, en contra de Rivera Pérez por violación de las cláusulas restrictivas.

Según el derecho que antecede, la mera concesión del Permiso de Uso 2023-494595-PU-227588 a favor de Rivera Pérez no tuvo el alcance de anular las servidumbres en equidad de la Urbanización Villa Dos Pinos. Tampoco estas son inconsistentes con el permiso en controversia. Así pues, según establece nuestro ordenamiento jurídico, el procedimiento correcto para hacer valer las restricciones en equidad lo es el *injunction* ante el Tribunal de Primera Instancia. Dicho procedimiento ya comenzó en el caso SJ2021CV07063 y debe continuar su curso. Véase, Artículo 14.1 y 14.2 de la Ley Núm.161-2019, *supra.*

En conclusión, luego de un análisis meticuloso del caso antes *nos* entendemos que ni el Profesional Autorizado, ni la OGPe incidieron al conceder el Permiso de Uso 2023-494595-PU-227588 a favor de Rivera Pérez. En vista de ello, no se derrotó la presunción

de corrección del permiso de uso en cuestión. Véase, *OCS v. CODEPOLA, supra.* Así pues, la actuación de la OGPe fue razonable.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, se *confirma* la expedición del Permiso de Uso 2023-494595-PU-227588.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solis
Secretaria del Tribunal de Apelaciones